### STATE v. LIVINGSTON BROWN.

(Filed 30 April, 1958.)

**1. Criminal Law § 118: Intoxicating Liquor § 9g—**

A verdict of "guilty of transporting and illegal possession," without reference to the bill of indictment, is insufficient to support judgment for illegal possession of intoxicating liquor.

**2. Indictment and Warrant § 20: Intoxicating Liquor § 9g—**

Defendant cannot be convicted of illegal transportation of intoxicating liquor unless such charge is contained in the bill of indictment under which he is tried.

APPEAL by defendant from *Hall, J.,* December Term 1957 of RANDOLPH.

Criminal actions consolidated for trial.

The defendant was charged in a warrant dated 31 May 1957, returnable to the Recorder's Court of Randolph County, with transporting, possessing, and possessing for the purpose of sale, six gallons of nontax-paid liquor. In the second warrant, dated the same day and returnable to the same court, the defendant was charged with having in his possession for the purpose of sale one and one-half gallons of nontax-paid liquor.

When these cases came on for hearing in the Recorder's Court, the defendant demanded a jury trial and the cases were transferred to the Superior Court for trial.

At the December Term 1957, two identical bills of indictment were found, charging that the defendant on the 31st day of May 1957 did unlawfully and wilfully purchase, have on hand and possess intoxicating liquors, contrary to the form of the statute in such cases, made and provided, etc. One of these cases was numbered 2448, the other 2449; the cases were consolidated for trial.

The record discloses that, "The defendant Livingston Brown, through his attorney Ottway Burton, enters a plea of Not Guilty to the specified indictments in these two cases."

The State offered ample evidence to support the charge of transporting and illegal possession of intoxicating liquors, although neither bill of indictment charged the defendant with transporting or with the possession of intoxicating liquors for the purpose of sale as did one of the original warrants.

The record further discloses that at the close of the State's evidence the court ordered a verdict of not guilty in case No. 2449.

In case No. 2448 the jury returned a verdict as follows: "Guilty of transporting and illegal possession. Not guilty: possession for sale."

The court pronounced judgment as follows: That, "the defendant be confined in the common jail of Randolph County for the term of 12 months and assigned to work the roads under the direction of the State Highway and Prison Department."

The defendant appeals, assigning error.

*Attorney General Patton, Assistant Attorney General McGalliard for the State.*

*Ottway Burton, Don Davis for defendant, appellant.*

PER CURIAM. The assignments of error brought forward on this appeal are without merit and are overruled. Even so, the Court, *ex mero motu,* takes cognizance of the fact that the verdict is not sufficient to support the judgment. It neither alludes to the bill of indictment nor uses language to show the conviction of the offense charged therein. Therefore, on authority of *S. v. Brown, ante,* 311, and for the reasons stated therein, a *venire de novo* is ordered.

Moreover, if the Solicitor desires to try the defendant for transporting, as well as for the unlawful possession of intoxicating liquors, he must obtain an indictment charging the defendant with the unlawful and wilful transportation of intoxicating liquors, contrary to law. No such charge is contained in the bill of indictment under which the jury

purported to convict him of illegally transporting intoxicating liquors. *Venire de Novo.*